OPINION OF THE COURT
Per Curiam.
Appeal from a judgment rendered February 17, 2012, held in abeyance, motion by assigned counsel to be relieved denied without prejudice to renewal, and counsel directed to communicate with defendant forthwith concerning his willingness or unwillingness to seek vacatur of his plea and the possible consequences of pursuing an appeal, and advising him that he has 60 days from the date of this order to file a pro se supplemental brief.
Assigned counsel filed an Anders-Saunders brief (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1976]) in which she indicated that, although there may be “viable issue [s]” pertaining to the facial sufficiency of the underlying felony complaint and a specified sentencing matter, defendant “has not authorized us to undertake the risks associated with raising these issues” by seeking to vacate his guilty plea, and that there otherwise were no meritorious points for appeal. Attached to the brief was counsel’s letter to defendant informing him, contrarily, that since the “conviction . . . does not present any legal issues . . . there are no viable arguments we can make on appeal,” and advising defendant of his right to file a pro se supplemental brief. Given the facial conflict between counsel’s brief and the accompanying letter, and in the absence of any representation by counsel as to the tenor of any prior discussion(s) or communique(s) she may have had with or sent to defendant, it is far from clear whether counsel effectively communicated to defendant the substance of the brief, the nature of the potentially “viable issue [s]” referenced therein, or *19 the risks involved in pursuing either or both of these issues on appeal. The uncertainty thus created “raises ambiguities failing to meet the requirements” of the Anders rule (see People v Calderon, 107 AD3d 470 [2013]).
Lowe, III, EJ., Schoenfeld and Shulman, JJ., concur.